UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                       :
NIGEL NICHOLAS DOUGLAS,                                 :
                                                       :
                                    Plaintiff,         :
                                                       :
                 - against -                           :
                                                       :
ABRAMS CHILDREN BOOKS,                                 :
                                                       :
                                    Defendant.         :
                                                       :
------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___9/26/2014___

13-CV-2613 (VSB)

**MEMORANDUM & ORDER**

Appearances:

Nigel Nicholas Douglas
Reg. # 25833-083
Federal Correctional Complex
P.O. Box 3900
Adelanto, CA 92301
*Pro se*

Edward J. Davis
Sharon L. Schneier
Collin James Peng-Sue
Davis Wright Tremaine LLP (NYC)
New York, NY 10019
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

        Defendant's Motion to Dismiss the Amended Complaint for failure to state a claim is

granted as to Plaintiff's claims for conversion under Vermont law, trespass of chattel, unlawful

taking, unlawful judgment creditor action, and unjust enrichment, but is denied as to Plaintiff's

claims for conversion under New York law and replevin as those claims are adequately pled.

Before the Court is the Motion of Defendant Abrams Children Books to dismiss *pro se* Plaintiff

Nigel Nicholas Douglas's Amended Complaint.  (Def. Mem.)[1]  Plaintiff brings various claims under New York law as well as the Copyright Act based upon Defendant's continued possession of his manuscript entitled Fosu's World.  (Am. Compl.)[2]  For the reasons set forth below the Court grants in part and denies in part Defendant's motion.

## I.  Background

### A.  *Factual Background* [3]

Plaintiff is an inmate in the Victorville Federal Correctional Institution.  (*See* Am. Compl. ¶ 8.)  Defendant Abrams Children Books is a book publisher located in New York, New York. (*Id.* ¶ 9.)  Plaintiff created a 34-page illustrated manuscript entitled Fosu's World (the "Manuscript"), which he sent to Defendant by certified mail, along with a self-addressed stamped envelope, for publication consideration.  (*Id.* ¶ 10; Pl. Decl. ¶ 15.)[4]  According to the certified mail return receipt, the Manuscript was delivered to Defendant on November 7, 2011 at 2:07 p.m.  (Pl. Decl. ¶ 17.)  By letter dated February 8, 2012, Plaintiff asked Defendant about the status of the Manuscript's publication consideration, but did not receive a response.  (Am. Compl. ¶¶ 11-12; Ex. 7.)[5]  On November 19, 2012, Plaintiff wrote to Defendant demanding the return of the Manuscript or $100,000 in the event Defendant lost or misplaced the Manuscript. (Am. Compl. ¶¶ 13-14.)  On December 14, 2012, Plaintiff received a letter from Defendant informing him that Defendant declined to publish the Manuscript.  (*Id.* ¶ 15.)  To date, Defendant

---

[1] "Def. Mem." refers to Defendant's Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint.  (Doc. 41.)

[2] "Am. Compl." refers to Plaintiff's Brief of Amended Complaint.  (Doc. 27.)  The page numbers used for the Amended Complaint correspond with the page numbers designated on the Electronic Case Filing System ("ECF").

[3] For purposes of this Motion, I assume the factual allegations in the Amended Complaint to be true; however, I do not credit the legal conclusions or conclusory allegations contained therein.

[4] "Pl. Decl." refers to the Declaration of Nigel Nicholas Douglas.  (Doc. 26.)

[5] "Ex." refers to the exhibits attached to the Notice of Motion for Lis Pendens.  (Doc. 28.)

has not returned the Manuscript to Plaintiff.  (*See id.* ¶ 16.)

### B. *Procedural History*

On April 18, 2013, Plaintiff filed the initial complaint against Defendant.  (Doc. 1.)
Defendant moved to dismiss the complaint on October 25, 2013, and filed a Memorandum of
Law setting forth the basis upon which it was seeking to dismiss Plaintiff's complaint.  (Docs.
19, 20.)  On December 13, 2013, Plaintiff moved for a 45-day enlargement of time to amend his
complaint.  (Doc. 21.)  Judge Furman granted the request, and ordered that any amended
complaint be filed no later than January 27, 2014.  (Doc. 22.)  Plaintiff filed his Amended
Complaint, dated January 24, 2014,[6] alleging the following fifteen claims related to Defendant's
continued possession of the Manuscript:  (1) "injurious trespass of Chattel" (Claim One); (2)
"injurious wrongful detention and possession of Chattel" (Claim Two); (3) "injurious wrongful
conversion of Chattel" (Claim Three); (4) "injurious exercise in claim of title inconsistent with
plaintiffs [sic] clear title as artist of the Chattel" (Claim Four); (5) impairment of plaintiff's
"cognizable Chattel interest pursuant to 17 USC 101 and 102" (Claim Five); (6) impairment of
plaintiff's "statutory right of reproduction pursuant to 17 USC 106" (Claim Six); (7) impairment
of, and injury to, plaintiff's "right to security in his Creation and protected interest in that
Chattel" (Claim Seven); (8) "injurious impairment of his ownership right to immediate
possession of his Chattel" (Claim Eight); (9) "injurious and illegal judgment Creditor action
against plaintiff" (Claim Nine); (10) "injurious cause for replevin to recover Converted Chattel"
(Claim Ten); (11) "unjust enrichment" (Claim Eleven); (12) "injurious impairment to his right of
entitlement to his artistic Creation" (Claim Twelve); (13) "injurious impairment of his natural
dominion over his own ideas and creation pursuant to 17 USC 202" (Claim Thirteen); "injurious

---

[6] This case was reassigned to me on January 27, 2014.

impairment over his original ownership of his artistic Creation and entitlement to its immediate possession pursuant to 17 USC 301" (Claim Fourteen); and (15) intentional infliction of "emotional pain and mental distress" (Claim Fifteen).[7]  (Am. Compl. ¶¶ 19-33.)  Subsequent to filing the Amended Complaint, Plaintiff filed additional claims styled as "Motions," "Briefs," or "Ex parte Applications" (collectively, "Additional Applications/Claims"):  a Motion for Lis Pendens pursuant to Fed. R. Civ. P. 64 and CPLR 6501, (Doc. 28 at 1); an Ex parte Notice of Attachment pursuant to Fed. R. Civ. P. 64 and CPLR 6501, (*id.* at 3); an Ex parte Application for Writ of Attachment pursuant to Fed. R. Civ. P. 64 and CPLR 6501, (*id.* at 7); an Ex parte Application for Writ of Possession pursuant to Fed. R. Civ. P. 64 and CPLR 6501, (*id.* at 13); a Notice of Motion for Writ of Seizure pursuant to Fed. R. Civ. P. 64 and CPLR 6501, (Doc. 32 at 3; Doc. 34); a Notice of Motion for Attachment for Security pursuant to Fed. R. Civ. P. 64 and 28 U.S.C. § 2712, (Doc. 32 at 1; Doc. 33); a Notice of Motion for Copyright Impoundment pursuant to Fed. R. Civ. P. 65(f) and 17 U.S.C. § 503, (Doc. 32 at 6; Doc. 36); a Notice of Motion for Declaratory Judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, (Doc. 32 at 12; Doc. 35); and a Notice of Motion for Renewal and Adjudication, (Doc. 55).

Defendant moved to dismiss the Amended Complaint and in the Additional Applications/Claims on March 7, 2014, (Def. Mem.), Plaintiff opposed the Defendant's Motion on June 19, 2014, (Pl. Opp.),[8] and Defendant submitted its reply on July 7, 2014, (Def. Reply).[9]

## II.  Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a

---

[7] In light of Plaintiff's filing of an Amended Complaint, on August 6, 2014, I denied the October 25, 2013 Motion to Dismiss.  (Doc. 53.)  The August 6 Order did not apply to or resolve the instant Motion.

[8] "Pl. Opp." refers to Plaintiff's Brief in Opposition to Defendants [sic] Motion to Dismiss.  (Doc. 47.)

[9] "Def. Reply" refers to the Defendant's Reply Memorandum of Law in Further Support of its Motion to Dismiss the Amended Complaint.  (Doc. 50.)

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Ordinarily a court cannot consider allegations or materials outside of a complaint when evaluating a motion to dismiss. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). However, the submissions of *pro se* plaintiffs are "held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (internal quotation marks omitted). Therefore, district courts should "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d

Cir. 1994)); *accord Kevilly v. New York*, 410 F. App'x 371, 374 (2d Cir. 2010) (summary order). A complaint by a *pro se* plaintiff should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Thomas & Agnes Carvel Found. v. Carvel*, 736 F. Supp. 2d 730, 756 (S.D.N.Y. 2010).

Consistent with the liberal reading of a *pro se* plaintiff's complaint, courts have considered submissions and allegations outside of the four corners of a *pro se* plaintiff's complaint when evaluating the complaint on a motion to dismiss. *See Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) (considering *pro se* plaintiff's affidavit in reviewing district court's dismissal of claim); *Santos v. City of N.Y.*, No. 01-CV-0120, 2001 WL 1568813, at *1 n.2 (S.D.N.Y. Dec. 7, 2001) (considering plaintiff's addendum to her complaint on a motion to dismiss); *Donohue v. U.S. Dep't of Justice*, 751 F. Supp. 45, 49 (S.D.N.Y. 1990) ("The policy reasons favoring liberal construction of *pro se* pleadings warrant the Court's consideration of the allegations contained in plaintiffs' memorandum of law, at least where those allegations are consistent with the allegations in the complaint.").[10]

However, dismissal of a *pro se* complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory factual allegations. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). In other words, the "duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (alteration and internal quotation marks omitted).

---

[10] A copy of all unpublished opinions cited in this decision will be provided to Plaintiff.

### III. <u>Discussion</u>

#### A. *Treatment of Plaintiff's Additional Filings*

In addition to his Amended Complaint, Plaintiff filed the Additional Applications/Claims, as well as his own declaration.[11]  Each of these filings contains allegations and/or requests various forms of relief related to Plaintiff's claim that Defendant has refused to return the Manuscript.  Indeed, Plaintiff references his declaration and its exhibits in his brief submitted in opposition to Defendant's motion to dismiss.  (*See generally* Pl. Opp.)  Consistent with the authorities counseling the liberal review of a *pro se* plaintiff's complaint, I will consider the scope of Plaintiff's claims by reference to the Amended Complaint, his declaration, the opposition to the motion to dismiss, and the Additional Applications/Claims.  *See Gill*, 824 F.2d at 195; *Santos*, 2001 WL 1568813, at *1 n.2; *Donohue*, 751 F. Supp. at 49.

#### B. *Treatment of Plaintiff's Withdrawal of Certain Claims*

In opposing Defendant's Motion, Plaintiff withdrew claims Two, Five, Six, Eight, Twelve, Thirteen, Fourteen, and Fifteen.  (Pl. Opp. 10-11.)[12]  Plaintiff did not specify whether he sought to withdraw these claims with or without prejudice.  Defendant requests that I dismiss these claims with prejudice, because Plaintiff "has essentially conceded that he has failed to meet the pleading requirements."  (*See* Def. Reply 1.)  Defendant, however, provides no other support for this request.

"[A] district court may permit withdrawal of a claim under Rule 15 . . . subject to the same standard of review as a withdrawal under Rule 41(a)."  *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985).  The presumption in this Circuit is that a court should grant a

---

[11] Plaintiff's declaration was filed on the same day as his Amended Complaint.  (Doc. 26.)

[12] The page numbers used correspond with the page numbers designated on the Electronic Case Filing System ("ECF").

voluntary dismissal absent a showing that a defendant will suffer prejudice as a result. *Harlem Teams for Self-Help, Inc. v. Abyssinian Baptist Church of N.Y.C.*, 189 F.R.D. 284, 286 (S.D.N.Y. 1999). Accordingly, I have "considerable discretion in deciding whether to allow a withdrawal of a claim without prejudice." *Wakefield*, 769 F.2d at 114. The factors to be considered include "the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990).

Given that this action has only been pending for one year and five months, discovery has not yet commenced, the litigation is at the motion to dismiss stage, and Defendant has not claimed any prejudice, I find that Defendant will not be unduly prejudiced by permitting the dismissal of these claims without prejudice. *Cf. id.*, 900 F.2d at 14 (affirming denial of motion to withdraw without prejudice where action was pending for four years, extensive discovery occurred, and defendants spent resources preparing for trial); *Wakefield*, 769 F.2d at 114 (dismissing with prejudice claim withdrawn after trial but prior to submission to jury because plaintiff did not show a need for retrial elsewhere).

Accordingly, claims Two, Five, Six, Eight, Twelve, Thirteen, Fourteen, and Fifteen are hereby dismissed without prejudice;[13] I address below claims One, Three, Four, Seven, Nine, Ten, and Eleven alleged in the Amended Complaint.

### C. *Subject Matter Jurisdiction*

Plaintiff contends that this Court has subject matter jurisdiction over the Amended

---

[13] The fact that these claims are being dismissed without prejudice should not be viewed as an indication of my view of the merits of these claims.

Complaint pursuant to 28 U.S.C. §§ 1332, 1338(a).  (Am. Compl. ¶ 2.)  As noted above, Plaintiff withdrew Claims Five, Six, and Fourteen, among others, which all relate to the Copyright Act.  The only remaining federal claims are Plaintiff's requests for an impoundment under the Copyright Act and for a declaratory judgment.  (Doc. 32 at 6, 12; Doc. 35; Doc. 36.)  For the reasons stated below in Sections III J.2 and 3, these claims are dismissed.  Therefore, only Plaintiff's state law claims remain, and the sole basis for jurisdiction is diversity.

District courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between citizens of different states.  28 U.S.C. § 1332(a); *see E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 933 (2d Cir. 1998) (finding that the amount in controversy is an unwaivable requirement under 28 U.S.C. § 1332).  The party asserting jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that: (1) diversity is complete and (2) it "appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount."  *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994).

Since neither party disputes that citizenship is diverse, the only jurisdictional issue is whether Plaintiff's claims meet the amount in controversy threshold.  The Second Circuit "recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy."  *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999).  Therefore, to defeat this presumption, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount."  *Id.* (alteration in original).  "[T]he legal impossibility of recovery must be so certain as virtually to negat[e] the plaintiff's good faith in asserting the claim."  *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Trust Co.*, 93 F.3d 1064, 1070 (2d Cir. 1996) (internal quotation marks omitted)

(second alteration in original).

"To determine the amount in controversy in a claim for money damages, the starting point is the measure of damages permitted by law under the cause of action claimed." *Stengel v. Black*, No. 03-CV-0495, 2004 WL 1933612, at *2 (S.D.N.Y. Aug. 30, 2004). "New York courts have held that where the property converted is unique and irreplaceable . . . as are works of art, the appropriate measure of damages corresponds to the value of the item at the time of trial." *Pagliai v. Del Re*, No. 99-CV-9030, 2000 WL 122142, at *1 (S.D.N.Y. Jan. 31, 2000) (internal citation and quotation marks omitted) (alteration in original).

Defendant argues that the amount in controversy threshold is not met because it is "difficult to ascertain" the value of the Manuscript. (*See* Def. Mem. 7 n.6.) However, the "legal certainty" standard is a "high bar" and even "grave doubt about the likelihood of a recovery of the requisite amount" is insufficient to warrant dismissal. *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (internal quotation marks omitted). Since Defendant offers no arguments that the value of the Manuscript will be less than $75,000 at trial, I find that Plaintiff's claim that the Manuscript is worth $150,000, (Am. Compl. ¶¶ 1, 35(b); Pl. Opp. 8-9), meets the amount in controversy threshold. *See Steinberg v. Zebrasky*, No. 10-CV-4372, 2011 WL 2565498, at *3 (S.D.N.Y. June 14, 2011) ("Thus, to rebut the presumption that the face of the complaint is a good faith representation of the actual amount in controversy, Defendant must prove that the market value of the Aston Martin was less than $75,000 . . . ." (internal citation and quotation marks omitted)). Therefore, this Court has diversity jurisdiction over this action.

### D.  *Conversion Claims – Claims Four and Three*[14]

While it is not altogether clear, Claim Four, "injurious exercise in claim of title inconsistent with plaintiffs [sic] clear title as artist of the Chattel," appears to be a claim for conversion under Vermont law, since Plaintiff cites *P.F. Jurgs & Co. v. O'Brien*, 629 A.2d 325 (Vt. 1993) in support of this claim.  *Id.* at 328 (stating a claim for conversion where another "withheld possession from the owner under a claim of title inconsistent with the owner's title."). To the extent Plaintiff is attempting to plead conversion under Vermont law, a federal court sitting in diversity must apply the choice of law principles of the state in which it sits.  *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941).  Therefore, New York conflicts rules apply. New York courts apply an "interest analysis" to tort claims, where the law of the jurisdiction having the greatest interest in the litigation applies.  *See AroChem Int'l, Inc. v. Buirkle*, 968 F.2d 266, 270 (2d Cir. 1992) (citing cases).  "[T]he significant contacts are, almost exclusively, the parties' domiciles and the locus of the tort."  *Id.* (internal quotation marks omitted).

The contacts involved in this case are as follows:  (1) Plaintiff is a resident of California, (Am. Compl. ¶ 3); (2) Defendant is a citizen of New York, (*id.* ¶ 4); (3) Plaintiff mailed the Manuscript to Defendant's office in New York, (Ex. 5); and (6) Plaintiff alleges that the Manuscript is still within Defendant's possession in New York, (*see* Am. Compl. ¶¶ 10, 15-16). Vermont has no interest in this action, and Plaintiff fails to identify any such interest. Accordingly, the law of New York, the state with the only significant contacts, should be invoked.  *Oakley v. Nat'l W. Life Ins. Co.*, 294 F. Supp. 504, 507 (S.D.N.Y. 1968) ("As between two states, the law of that one which has the predominant, if not the sole, interest in the

---

[14] In its memorandum, Defendant has grouped and discussed Claims One, Two, Three, Four, Seven, Eight, and Ten together.  (Def. Mem. 4-7.)

protection and regulation of the rights of the person or persons involved should, of course, be invoked." (quoting *In re Clark*, 236 N.E.2d 152, 156 (N.Y. 1968)).

Thus, New York law will be applied in this case, and Claim Four is therefore dismissed.

Claim Three of the Amended Complaint alleges that Defendant's deliberate and intentional refusal to relinquish or return the Manuscript constitutes conversion.  (Am. Compl. ¶ 21.)  To state a claim for conversion under New York law, a plaintiff must allege that:  (1) plaintiff has legal ownership or an immediate superior right of possession to certain property, *see Cruickshank & Co. v. Sorros*, 765 F.2d 20, 25 (2d Cir. 1985), and (2) the defendant exercised unauthorized dominion or control over said property to the complete exclusion of the rightful possessor, *Moses v. Martin*, 360 F. Supp. 2d 533, 541 (S.D.N.Y. 2004) (denying motion to dismiss conversion claim where defendant failed to transfer plaintiff's customers' payments to plaintiff, the rightful owner of the property).  Interference with the possessory rights must be intentional.  *Philip Wilson Publishers Ltd. v. Rizzoli Int'l Publ'ns, Inc.*, No. 95-CV-8674, 1996 WL 209944, at *3 (S.D.N.Y. Apr. 29, 1996).  If the original possession is lawful, "conversion does not occur until the defendant refuses to return the property after demand."  *Schwartz v. Capital Liquidators, Inc.*, 984 F.2d 53, 54 (2d Cir. 1993) (internal quotation marks omitted).  However, where the defendant lacks the ability to return the property when demand is made, conversion is not established.  *Philip Wilson Publishers Ltd.*, 1996 WL 209944, at * 3.[15]

Defendant's principal argument is that a plaintiff's right to possession only exists if there is a legal obligation (contract) or relationship giving rise to that right.  (Def. Mem. 10; Def.

---

[15] Defendant points out that most publishing houses do not read but discard the manuscripts that they receive.  (Def. Mem 7 n.5).  "[W]here goods are lost, stolen or destroyed, the failure to surrender possession is generally held not to constitute conversion."  *Philip Wilson Publishers Ltd.*, 1996 WL 209944, at * 3.  Here, however, Defendant argues that it need not, rather than cannot, return the Manuscript.  (Def. Mem. 6 ("Abrams did not ask for the Manuscript or agree to return it.").)  Indeed, there does not appear to be anything in or referenced by the Amended Complaint that suggests Defendant discarded or lost the Manuscript.

Reply 2-3.)  This argument is inconsistent with the law.  Conversion—a theory grounded in tort

and not contract—is concerned with possession, not title.  *See Weizmann Inst. of Sci. v. Neschis*,

229 F. Supp. 2d 234, 253 (S.D.N.Y. 2002).  A plaintiff's entitlement to the return of his property

is triggered once he shows that he has a superior right of possession to the property.  While a

contract is one method of creating or transferring a possessory right, it is not the only method to

do so.  As the Second Circuit stated over one hundred years ago, "[t]hat an author, at common

law, has a property in his manuscript, and may obtain redress against any one who deprives him

of it . . . cannot be doubted."  *Press Pub. Co. v. Monroe*, 73 F. 196, 199 (2d Cir. 1896) (internal

quotation marks omitted).[16]

Here, the Manuscript constitutes property that is subject to a claim for conversion.  *See*

*Thyroff v. Nationwide Mut. Ins. Co.*, 864 N.E.2d 1272, 1277-80 (N.Y. 2007) (holding that

intangible property interests may be subject to conversion when they are represented by physical

or electronic documents).  Plaintiff, the creator of the Manuscript, (*see* Am. Compl. ¶ 25), is the

legal owner of this work.  *See* 17 U.S.C. § 201(a) (Legal ownership "vests initially in the author

or authors of the work").  Defendant, by accepting Plaintiff's submission of the Manuscript, was

in lawful possession of the work for the specific purpose of publication consideration.  (Pl. Opp.

20; Def. Reply 2; Am. Compl. ¶ 10).  However, a superior right of possession did not pass from

---

[16] Defendant cites *Mehlman Management Corp. v. Fan*, 503 N.Y.S.2d 642 (App. Div. 1986) and *Jaszewski v. V-GPO, Inc.*, No. 05-CV-6310, 2007 WL 3076972, at *5 (W.D.N.Y. Oct. 19, 2007) for the proposition that "[w]here one is rightfully in possession of property, one's continued custody of the property and refusal to deliver it on demand of the owner until the owner proves his right to it does not constitute a conversion."  (Def. Mem. 5-6.)  Defendant's reliance on these cases is misplaced.  *Mehlman* involved money that was placed in escrow because the defendant had been advised of other possible claims to that money.  Here, other than Plaintiff, no one is making a claim to the Manuscript.  The quoted language from *Jaszewski* cited by Defendant is dicta, because the court held that the plaintiff failed to state a claim for conversion where the stock in question had already been returned. *Jaszewski*, 2007 WL 3076972, at *4.  In addition, the stock at issue in *Jaszewski* had been placed in escrow and there was no proof that the plaintiff had not supplied proof of ownership or entitlement to the stock to the escrow agent or the defendants.  *Id.* at *5.  Defendant does not dispute that the Manuscript is the property of Plaintiff, nor does Defendant explain how Defendant's property interest is not sufficient to demonstrate his "right to [the Manuscript]."  (*See* Def. Mem. 5-6.)

Plaintiff, the legal owner, to Defendant.  Plaintiff alleges his superior right of possession to all others and was entitled to the return of the Manuscript upon demand.  (*See* Am. Compl. ¶¶ 12-13, 25.)  Plaintiff requested the return of the Manuscript and Defendant failed to return it.  (*See* Am. Compl. ¶¶ 12-13, 25.)

Plaintiff has therefore stated a claim for conversion and Defendant's Motion to Dismiss Count Three is denied.

### E.  *Replevin – Claim Ten*

Defendant contends that Plaintiff fails to state a claim for replevin because Plaintiff does not have a right to claim possession of an unsolicited manuscript.  (Def. Reply 3.)  Defendant cites no cases for this proposition, and fails to analyze Plaintiff's allegations against the elements for a cause of action in replevin.

To plead a cause of action in replevin, Plaintiff must allege that "'the defendant is in possession of certain property of which the plaintiff claims to have a superior right.'"  *Dore v. Wormley*, 690 F. Supp. 2d 176, 183 (S.D.N.Y. 2010) (quoting *Batsidis v. Batsidis*, 778 N.Y.S.2d 913, 913 (App. Div. 2004)).  The "essential elements of a cause of action in replevin" are "[d]emand upon, and refusal of, the person in possession of the chattel to return it."  *In re Peters*, 821 N.Y.S.2d 61, 65 (App. Div. 2006).  "Moreover, since the purpose of the action is to recover possession, a plaintiff may not seek damages alone."  *Steinberg*, 2011 WL 2565498, at *6 (internal quotation marks omitted).

As discussed above, Plaintiff alleges that he is the owner of the Manuscript and Defendant failed to return the Manuscript within its possession following Plaintiff's November 19, 2012 demand.  (Am. Compl. ¶ 13.)  Plaintiff seeks not only damages, but also "an injunction issued by this Court requiring defendant to refrain from unlawfully detaining, converting, or

exercising any manner of claim of title, dominion or control over Fosu's World."  (*Id.* ¶ 35(a).)

Accordingly, Plaintiff's Amended Complaint states a claim for replevin and Defendant's

Motion to Dismiss Claim Ten is denied.

### F.  *Trespass to Chattel – Claim One*

Defendant alleges that Claim One, "injurious trespass of Chattel," should be considered a

claim for conversion and dismissed.  (Def. Mem. 5.)  Defendant is correct.  A trespass to chattels

is an intentional interference with the use of property belonging to another, where "the chattel is

impaired as to its condition, quality, or value."  *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393,

404 (2d Cir. 2004) (internal quotation marks omitted).  "If . . . the defendant merely interfered

with the plaintiff's property . . . then the complaint will be properly construed as an action to

recover for trespass. . . . If, however, the conduct . . . amounts to the destruction or taking of the

property, then the action is properly deemed one for conversion."  *Sporn v. MCA Records, Inc.*,

448 N.E.2d 1324, 1326-27 (N.Y. 1983).  Here, Plaintiff alleges that Defendant is unlawfully in

possession, or has taken, the Manuscript.  (Am. Compl. ¶¶ 15-16.)

The allegations of the Amended Complaint state a claim for conversion, not an "injurious

trespass of Chattel"; therefore, Claim One is dismissed.

### G.  *Unlawful Judgment Creditor Action – Claim Nine*

Claim Nine of the Amended Complaint asserts that "Defendants [sic] deliberate and

intentional refusal to relinquish or return Plaintiffs [sic] manuscript constitute an injurious and

illegal judgment Creditor action against plaintiff."  (*Id.* ¶ 27.)  A judgment creditor action is a

claim brought by a plaintiff seeking to enforce a judgment that it has received against a

defendant.  *See Horan v. John F. Trommer, Inc.*, 129 N.Y.S.2d 539, 541 (Sup. Ct. N.Y. Cnty.),

*aff'd*, 128 N.Y.S.2d 595 (App. Div. 1954).  As Plaintiff admits, "it is un[d]isputed that plaintiff

owed no debt to defendant and that defendant has brought no formal action against him in a court of law to secure a money judgment."  (Pl. Opp. 28.)

Claim Nine must be dismissed since there is no judgment creditor action because neither a judgment nor creditor exists.

### H.  *Unlawful Taking – Claim Seven*

Claim Seven alleges Defendant's refusal to return the Manuscript impaired and injured Plaintiff's "right to security in his Creation and protected interest in that Chattel."  This is not a cause of action under New York law, and Claim Seven should be dismissed on this basis alone. However, reviewing the Amended Complaint in the context of Plaintiff's opposition, it appears that he may be alleging that Defendant effected a taking in violation of the Fourteenth Amendment.  (Pl. Opp. at 27 (citing *Dolan v. City of Tigard*, 512 U.S. 374, 385 (1994) (holding that the government may not require a person to relinquish the constitutional right to receive just compensation when property is taken for a public use in exchange for a discretionary benefit that has little to no relationship to the property).)

The Takings Clause provides that "private property [shall not] be taken for public use, without just compensation."  U.S. Const. amend. V.  Here, no public use is alleged to have occurred, Defendant is a private company not a governmental entity, and there are no allegations that Defendant was acting on behalf of the local, state, or federal government.

Therefore, Plaintiff has not stated a claim under the Takings Clause and Claim Seven is dismissed.

### I.  *Unjust Enrichment – Claim Eleven*

Plaintiff claims that Defendant's mere possession of the Manuscript, a thing of monetary value, is a benefit that unjustly enriches Defendant.  (Pl. Opp. 34-35.)  For a plaintiff to prevail

on a claim of unjust enrichment, he must establish "(1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered." *Mandarin Trading Ltd. v. Wildenstein*, 944 N.E.2d 1104, 1110 (N.Y. 2011) (internal quotation marks omitted).

Defendant's mere possession of the Manuscript does not establish that Defendant was enriched. "Courts applying New York law require a plaintiff to allege some expectation of compensation that was denied in order to demonstrate that equity requires restitution." *Tasini v. AOL, Inc.*, 851 F. Supp. 2d 734, 740 (S.D.N.Y.), *aff'd*, 505 F. App'x 45 (2d Cir. 2012). Plaintiff has not, and cannot, allege an expectation of compensation since he sent the Manuscript to Defendant unsolicited, and Defendant did not select the Manuscript for publication or otherwise use the Manuscript. *See id.*; *Estate of Goth v. Tremble*, 873 N.Y.S.2d 364, 367 (App. Div. 2009) (finding that defendant's unjust enrichment counterclaim was defeated by the "defendant's candid admissions that he voluntarily provided services . . . without expectation of any compensation"). Nor has Plaintiff identified any benefit Defendant received from the unsolicited submission of the Manuscript that was not chosen for publication and did not generate any revenues. *See Stephen Pevner, Inc. v. Ensler*, 766 N.Y.S.2d 183, 185 (App. Div. 2003) (affirming dismissal of unjust enrichment claim where the "publication never took place, and no revenue was ever generated from that agreement, defendant received no benefit from plaintiff's services").

In addition, "there are no indicia of an enrichment that [is] unjust where the pleadings fail[] to indicate a relationship between the parties that could have caused reliance or inducement." *Mandarin Trading Ltd.*, 944 N.E.2d at 1110. "Although privity is not required for an unjust enrichment claim, a claim will not be supported if the connection between the parties is

too attenuated." *Id.* at 1111 (citation omitted). Here, there are no allegations of a relationship between Plaintiff and Defendant; therefore, their relationship "is too attenuated because they simply had no dealings with each other." *Georgia Malone & Co., Inc. v. Rieder*, 973 N.E.2d 743, 747 (N.Y. 2012). Finally, Plaintiff's submission of an unsolicited manuscript entirely of his own accord, (*see* Pl. Opp. 34), "does not render this transaction one of equitable injustice requiring a remedy to balance a wrong." *Mandarin Trading Ltd.*, 944 N.E.2d at 1111.

Accordingly, Plaintiff failed to state a claim for unjust enrichment and Claim Eleven is dismissed.

### J.   *Plaintiff's Additional Applications*

#### 1.   **Requests for Attachment, Possession, or Seizure**

Plaintiff seeks attachment, possession, or seizure pursuant to Fed. R. Civ. P. 64 and N.Y. C.P.L.R. 6501. (Doc. 28 at 3-17, Doc. 32 at 3; Doc. 34.) As Defendant points out, a notice of pendency under N.Y. C.P.L.R. § 6501 applies to real property only. (Def. Mem. 10.) And to the extent that Plaintiff is seeking attachment, possession, or seizure pursuant to Articles 62 and 71 of the CPLR, Plaintiff has not posted the requisite bond, (*id.*). N.Y. C.P.L.R. 6212(b) ("On a motion for an order of attachment, the plaintiff shall give an undertaking, in a total amount fixed by the court, but not less than five hundred dollars . . . ."); N.Y. C.P.L.R. 7102(e) ("The condition of the undertaking shall be that the surety is bound in a specified amount, not less than twice the value of the chattel stated in the plaintiff's affidavit . . . ."). Finally, Plaintiff lacks standing to seek attachment under 28 U.S.C. §§ 2711, 2712, (*see* Doc. 32 at 1; Doc. 33), because only a United States attorney or assistant United States attorney, or a person authorized by the Attorney General, may apply for such a warrant of attachment. Plaintiff has not alleged that he has been authorized by the Attorney General.

18

Accordingly, Plaintiff's requests for attachment, possession, or seizure are denied.

### 2. Forfeiture Order

Plaintiff seeks a forfeiture order under Section 503 of the Copyright Act. (Doc. 32 at 6; Doc. 36.) This application must be dismissed since Plaintiff withdrew his copyright claims. Therefore, there is no action pending under the Copyright Act upon which this Court could order impoundment. *See* Title 17, United States Code, Section 503(a)(1) ("At any time while an action under this title *is pending*, the court may order the impounding, on such terms as it may deem reasonable . . . ." (emphasis added)).

In any event, the allegations in the Amended Complaint do not state a claim for copyright infringement. "To establish infringement [under the Copyright Act], two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original*." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). "Forfeiture is especially appropriate where the defendant retains infringing items, and the Court seeks to prevent future infringement." *Hounddog Prods., L.L.C. v. Empire Film Grp., Inc.*, 826 F. Supp. 2d 619, 633 (S.D.N.Y. 2011). Plaintiff does not allege that Defendant copied the Manuscript.

There is no copyright action pending before me, and Plaintiff failed to allege Defendant copied the Manuscript; therefore, his request for a forfeiture order is denied.

### 3. Declaratory Judgment

The Declaratory Judgment Act provides me with the discretion to determine whether I will exert jurisdiction over a proposed declaratory action: "In a case of actual controversy . . . any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28

U.S.C. § 2201(a) (emphasis added); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 282–83

(1995) (finding that the Declaratory Judgment Act is discretionary).  "In making such a

determination, [I] must consider:  (1) whether the judgment will serve a useful purpose in

clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the

controversy and offer relief from uncertainty."  *Amusement Indus., Inc. v. Stern*, 693 F. Supp. 2d

301, 311 (S.D.N.Y. 2010) (internal quotation marks omitted).  "The fact that a lawsuit has been

filed that will necessarily settle the issues for which the declaratory judgment is sought suggests

that the declaratory judgment will serve no useful purpose."  *Id.* (internal quotation marks

omitted).  Plaintiff seeks a declaration that he is the owner of the Manuscript and he submitted

the Manuscript to Defendant for publication consideration on October 31, 2011.  (Doc. 32 at 12;

Doc. 35.)

     I find that resolution of Plaintiff's conversion claim will settle the ownership and related

issues for which Plaintiff seeks declaratory relief; therefore, Plaintiff's declaratory judgment

claim is dismissed.

     **K.  *Leave to Amend***

     Leave to amend a complaint should be freely given "when justice so requires."  Fed. R.

Civ. P. 15(a)(2).  Although *pro se* plaintiffs are generally given leave to amend a deficient

complaint, *see Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir 1999) (per

curiam), a district court may deny leave to amend when amendment would be futile because the

problem with the claim "is substantive [and] better pleading will not cure it," *Cuoco v.*

*Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Smith v. New Line Cinema*, No. 03-CV-

5274, 2004 WL 2049232, at *7 (S.D.N.Y. Sept. 13, 2004) (granting in part and denying in part

defendant's motion to dismiss and denying *pro se* plaintiff leave to amend as futile).

Leave to amend the Amended Complaint to address the deficiencies in the claims substantively dismissed in this opinion is properly denied since all indications are that Plaintiff will be unable to cure the pleading deficiencies in those claims.  *See Valle v. Police Dep't Cnty. of Suffolk Cent. Records*, No. 10-CV-2847, 2010 WL 3958432, at *2 (E.D.N.Y. Oct. 7, 2010) ("[U]pon a liberal reading of the instant complaint, there is simply no indication that a valid federal claim might be stated by [*pro se*] plaintiff against the defendant.")

Defendant advised Plaintiff of the deficiencies in his initial complaint in its initial memorandum, and Plaintiff thereafter filed the Amended Complaint.  (*See* Doc. 20.)  Plaintiff's failure to fix the defects, after being provided with notice of them, is alone sufficient ground to deny leave to amend *sua sponte*.  *See Coleman v. brokersXpress, LLC*, 375 F. App'x 136, 137 (2d Cir. 2010) (summary order) (affirming denial of leave to amend where *pro se* plaintiff had already had opportunity to amend and made no specific showing as to how he would remedy defects in complaint); *In re Eaton Vance Mut. Funds Fee Litig.*, 380 F. Supp. 2d 222, 242 (S.D.N.Y. 2005) (denying leave to amend because "the plaintiffs have had two opportunities to cure the defects in their complaints, including a procedure through which the plaintiffs were provided notice of defects . . . by the defendants and given a chance to amend" and "plaintiffs have not submitted a proposed amended complaint that would cure these pleading defects"), *aff'd sub nom. Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007).  In his opposition to the motion to dismiss, Plaintiff does not claim that he can cure the deficiencies identified by Defendant, and he has not submitted a proposed second amended complaint.

Accordingly, I decline to grant Plaintiff leave to amend *sua sponte*.

## V.  <u>Conclusion</u>

For the reasons stated above, the Defendant's Motion is granted in part and denied in

part.  Defendant's Motion is GRANTED as to Plaintiff's claims conversion under Vermont law,

trespass of chattel, unlawful taking, unlawful judgment creditor action, unjust enrichment, and

declaratory judgment, and those claims are DISMISSED with prejudice.  However, Defendant's

Motion is DENIED as to Plaintiff's claims for conversion under New York law and replevin.

Plaintiff's motion to withdraw Claims Two, Five, Six, Eight, Twelve, Thirteen, Fourteen, and

Fifteen is GRANTED, and those claims are DISMISSED without prejudice.

     This decision resolves the pending Motions referred to in Plaintiff's Motion for Renewal

and Adjudication, therefore that motion is DENIED as moot.

     The Clerk of Court is respectfully directed to terminate the pending Motions. (Doc. 28,

32, 41, 55.)


SO ORDERED.

Dated: September 26, 2014
     New York, New York

_____
Vernon S. Broderick
United States District Judge